# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**LOWE'S HOME CENTERS, INC.,**
**Employer Below, Petitioner**

**FILED**
June 11, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 12-0752** (BOR Appeal No. 2046537)
(Claim No. 2010099696)

**TRACY J. RAMSEY,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lowe's Home Centers, Inc., by H. Toney Stroud, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated May 10, 2012, in which the Board affirmed a September 27, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 30, 2010, decision granting Ms. Ramsey a 1% permanent partial disability award. The Office of Judges granted Ms. Ramsey a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material misstatement or mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Ramsey worked as a Credit Coordinator for Lowe's Home Centers, Inc. On July 27, 2009, she suffered an injury to her back when bending over and picking up a product that had fallen out of a box. The claim was held compensable for lumbar sprain. Marsha L. Bailey, M.D., concluded that Ms. Ramsey had a 1% whole person impairment related to this work injury. The claims administrator granted Ms. Ramsey a 1% permanent partial disability award.

The Office of Judges reversed the claims administrator's decision and held that Ms. Ramsey has demonstrated that she is entitled to a 5% permanent partial disability award due to

1

her compensable injury. On appeal, Lowe's Home Centers, Inc. disagrees and asserts that the Board of Review's position of allocating for preexisting impairments or conditions before applying West Virginia Code of State Rules § 85-20 (2006) would result in every claimant with a simple lumber strain receiving a 5% award regardless of the impact of the preexisting condition and also result in personal injury claims being treated differently than occupational pneumoconiosis and occupational hearing loss claims. Lowe's Home Centers, Inc. further asserts that the record does not contain any medical opinion attributing the additional 4% that the Office of Judges added to the original award to the compensable injury.

The Board of Review erred in affirming the Office of Judges' Order granting Ms. Ramsey a 5% permanent partial disability award. The Office of Judges concluded that Dr. Bailey inappropriately apportioned for Ms. Ramsey's preexisting condition after applying West Virginia Code of State Rules § 85-20 when apportionment must be made prior to applying West Virginia Code of State Rules § 85-20. Dr. Bailey evaluated Ms. Ramsey and concluded that she had a total 5% whole person impairment. After applying West Virginia Code of State Rules § 85-20, Dr. Bailey appropriately apportioned 4% of the whole person impairment for Ms. Ramsey's preexisting conditions. Ultimately, Dr. Bailey concluded that Ms. Ramsey has a 1% whole person impairment for this work injury. The Office of Judges erred in not relying on Dr. Bailey's independent medical evaluation because she was the only doctor, who made an impairment recommendation and she appropriately made the apportionment for preexisting condition after applying West Virginia Code of State Rules § 85-20. The claims administrator correctly relied on Dr. Bailey's impairment evaluation and granted Ms. Ramsey a 1% permanent partial disability award. We reverse the Board of Review and reinstate the claims administrator's decision.

For the foregoing reasons, we find that the decision of the Board of Review is clearly the result of erroneous conclusions of law. Therefore, the decision of the Board of Review is reversed and the claims administrator's July 30, 2010, decision granting Ms. Ramsey a 1% permanent partial disability award is reinstated.

Reversed and Reinstated.

**ISSUED: June 11, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II